UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23055-JLK

ROCKSOLID GRANIT (USA), INC.,

 Plaintiff

v.

MJM CONSULTING, INC., MICHAEL R.
MOFFITT, individually and as a representative
of MJM CONSULTING, INC., JANICE R.
MOFFITT, individually and as a representative of
MJM CONSULTING, INC., and Does 1-100,

 Defendants.
_____/

**REPORT AND RECOMMENDATION ON NOTICE**
**OF FILING JOINT REPORT PURSUANT TO D.E. 49**

**THIS CAUSE** came before the Court upon the Notice of Filing Joint Report Pursuant to D.E. 49 (the "Joint Notice"). ECF No. [52]. This matter was referred to the undersigned by the Honorable James Lawrence King, United States District Judge. *See* ECF No. [44]. For the reasons discussed below, it is hereby **RECOMMENDED** that this action be stayed pursuant to 11 U.S.C. § 362(a).

**I. BACKGROUND AND INSTANT MOTION**

This matter was referred to the undersigned by the Honorable James Lawrence King, United States District Judge, as to: (1) Plaintiff's Motion to Hold Defendants in Contempt and for Show Cause Order for Violating Preliminary Injunction, ECF No. [20]; (2) Defendants' Motion and Memorandum of Law to Set Aside and Vacate Clerk's Default Orders and Court Default, ECF

1

No. [23]; (3) Defendants' Motion for Clarification and/or Modification of the Amended Order Granting Plaintiff's Request for a Preliminary Injunction, ECF No. [35]; and (4) Plaintiff's Request for Oral Argument on Defendants' Motion and Memorandum of Law to Set Aside and Vacate Clerk's Default Orders and Court Default, ECF No. [40] (collectively, the "Referred Motions"). ECF No. [44].

The undersigned set a hearing on the Referred Motions for March 24, 2022. ECF No. [47]. Subsequent to the filing of the Referred Motions, Defendants filed a Notice of Death of Defendant Michael R. Moffit on March 19, 2022. ECF No. [48]. The undersigned then entered an order cancelling the hearing and requiring the Parties to confer and submit a joint report by March 25, 2022. ECF No. [49].

On March 23, 2022, the remaining Defendants, Janice R. Moffitt and MGM Consulting, Inc., each filed a Suggestion of Bankruptcy indicating that they filed voluntary petitions "for relief under Chapter 7 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the District of Nevada" and stating that "[t]he filing of the bankruptcy petition operates as an automatic stay, pursuant to 11 U.S.C. § 362(a), of the commencement or continuation of any judicial, administrative, or other proceeding . . ." ECF Nos. [50], [51].

On March 25, 2022, the Parties filed the Joint Notice wherein Defendants reiterated the position as stated in the Suggestions of Bankruptcy that the action should be stayed, and argued that "the hearing should be cancelled" and that "Defendant MJM is no longer a going concern and J. Moffit is not operating any competing entity, or any entity for that matter." ECF No. [52] at 2. Plaintiff noted that it did not agree with the "conclusion that the suggestion of bankruptcy has stayed [the] entire case," that "the injunction order is still in full force and effect," and that it cannot

2

accept Defendants' representation as to whether there is continuing business. *Id.* Plaintiff also requested a status conference. *Id.*

## II. ANALYSIS

"Pursuant to 11 U.S.C. § 362(a), a debtor who has filed for Chapter 7 or Chapter 11 bankruptcy enjoys an automatic stay against actions to enforce, collect, assess or recover claims against the debtor or against property of the estate." *In re Jean*, 508 Fed. App'x. 939, 940 (11th Cir. 2013) (citing 11 U.S.C. § 362(a)). "[T]he term 'stay' is commonly used to describe an order that 'suspend[s] judicial alteration of the status quo.'" *City of Chicago, Illinois v. Fulton*, 141 S. Ct. 585, 590 (2021) (quoting *Nken* v. *Holder*, 556 U.S. 418, 429 (2009)). Accordingly, provisions of Section 362(a) have been read to "prohibit[] affirmative acts that would disturb the status quo of estate property as of the time when the bankruptcy petition was filed." *Id.*

First, given the Suggestion of Bankruptcy, there is no dispute that this matter must be stayed. *See In re Horne*, 876 F.3d 1076, 1078 (11th Cir. 2017) ("The filing of the [debtors'] bankruptcy triggered an automatic stay of any litigation against them under 11 U.S.C. § 362(a)(1)."). Second, as to Plaintiff's argument that "a Section 362 automatic stay is inapplicable to nonbankrupt debtors," ECF No. [52] at 2 (citing *In re Miller*, 397 F.3d 726, 729–30 (9th Cir. 2005); *Ingersoll–Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1426 (9th Cir 1987)), there is no relief that Plaintiff seeks from this Court as to nonbankrupt debtors, and as such, there is no issue for the Court to address at this time. Finally, Plaintiff's argument that "the injunction order is still in full force and effect," ECF No. [52] at 2, is not contested at this time. Indeed, given that the purpose of the stay is to preserve the *status quo* of the litigation, *see Fulton*, 141 S. Ct. at 590, the Amended Order Granting Plaintiff's Request for a Preliminary Injunction Against All Defendants, ECF No. [19], is still an order of this Court.

### III. RECOMMENDATION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that this action be **STAYED** pursuant to 11 U.S.C. § 362(a).

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3–1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on April 11, 2022.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**